Curia, per

Whitner, J.
The discharge of a debtor under the Insolvent Debtor’s Act, is a discharge from suing creditors, and such others as accept dividends. This includes creditors whose suits are pending at the time of the discharge, as well as those having judgments. The uniform decisions preclude any question that all such creditors are forever barred from the recovery of their debts. The legal effect is, therefore, a complete satisfaction: (1 Bay, 434; 2Bay, 104; IN. & McC. 480; 2Mill,419.)
It has been held that the proceeding had for the discharge of the insolvent debtor is judicial, and all who are parties are concluded thereby: Hibler vs. Hammond, (2 Strob, 105.)
But, in the case before the Court, it is insisted that the application being made pending the suit, and the order for discharge granted before declaration filed, it should have been pleaded in bar to the action; and that, failing to do so, the debtor is pre- *253 eluded from his present motion, and the Court should not look behind the judgment. The authorities relied on to this point are cases decided in other States ; but they can have no weight as authority, unless the statutes are analogous. The practice, in some instances, it is known, has grown out of the requisitions of the statutes. It may be so without exception. But, if the argument is adopted, what follows? In consequence of this omission, is the debt revived, and can the judgment be enforced? Such a conclusion seems not to be contended for; for, although it is insisted that the judgment is not absolutely extinguished, it is conceded that the remedy is suspended. But there can be no period to the suspension, and, hence, no execution of the judgment.
The right of looking into the whole proceedings which lead to the judgment, and of granting summary relief, is often exercised by this Court, on motion, where the facts are not controverted and by directing an issue when otherwise. The case of Williams vs. Lanneau, (4 Strob. 27,) and others there enumerated, may be referred to as authority on this point.
Here the creditor had sued out his writ, and caused the arrest of the debtor: pending th& suit, by order of the Court, the debtor was discharged from the suit, and, by operation' of law, from the debt. Here, then, was a judicial proceeding between the same parties, growing out of, interwoven with, and, hence, to some extent, constituting a part of, the very proceeding on which appellant’s judgment is founded, and anterior to the judgment. Unless the debtor had been sued and arrested, he would not have been entitled to his petition. On that petition, the Court caused the petitioner to be brought; the creditor, at whose suit the debtor stood charged, to be summoned ; the assignment to be made in trust for the suitor; and, thereupon, the petitioner was forthwith discharged, by order of the Court, from the suit : these are the very terms of the Act.
When, therefore, the debtor was discharged from- the suit, and from the debt on which the suit was brought, why should he be. required to look further after the proceeding, and what yras left *254 on which the creditor could properly proceed ? The fact of the creditor appearing, or not, to resist the application of the debtor, cannot alter the view. He was a party, and was concluded by the proceeding, and, as though the writ had been set aside by which the debtor had been brought into Court, he was no longer bound to look after the suit instituted against him. The judgment in this case, therefore, was irregular and unlawful, the suit being withdrawn and ended by the legal effect of the proceedings under the Act.
Tha present motion is, therefore, refused.
O’Neall, Evans, Wardlaw and Withers, JJ., concurred.
Frost, J., dissented.

Motion refused.